1  **PHILLIPS, SPALLAS & ANGSTADT LLP**
   **Robert K. Phillips -135088**
2  **Candice A. Mullings-237383**
   650 California Street, Tenth Floor
3  San Francisco, California  94108
   Telephone:  (415) 278-9400
4  Facsimile:   (415) 278-9411

5  Attorneys for Defendant,
   WAL-MART STORES, INC.
6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | KEVIN SANDERS,                    | Case No. : C 08-00772 EMC
12 |        Plaintiff,                 |
   |   v.                              | WAL-MART STORES INC.'S ANSWER
13 |                                   | TO PLAINTIFF'S FIRST AMENDED
   | WAL-MART STORES, INC., and        | COMPLAINT AND DEMAND FOR JURY
14 | DOES 1-50, inclusive;             | TRIAL
15 |        Defendants.                |

16

17     Now comes Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") and for its Answer

18 to Plaintiff's First Amended Complaint for Damages ("Complaint") states as follows:

19                          **CAUSE OF ACTION**

20                          (Strict Products Liability)

21     1.    In answer to Paragraph 1 of the Complaint, Defendant admits that it sells bicycles in

22 every state of the Union.  Defendant also admits that it was in the business of selling Mongoose

23 bicycles in 2007.  Defendant denies that it is incorporated in Arkansas.  Except as so admitted and

24

25 denied, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

26 allegations contained in said paragraph, and on that basis denies each and every allegation contained

27 therein.

28

2.    In answer to Paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.    In answer to Paragraph 3 of the Complaint, Defendant admits that it is and was in the business of selling various types of bicycles to members of the public.  Except as so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.    In answer to Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5.    In answer to Paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.    In answer to Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7.    In answer to Paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

8.    Wal-Mart alleges the following separate affirmative defenses:

9.    Plaintiff is barred from recovering against Wal-Mart because there is no causal connection between any conduct of Wal-Mart and any alleged loss or damage that Plaintiff contends

he sustained.

10. Plaintiff is barred from recovering because Wal-Mart owed no duty to Plaintiff.

11. The Complaint is barred in whole or in part by the applicable statute of limitations.

12. By Plaintiff's acts and conduct, Plaintiff has waived the claims asserted against Wal-Mart.

13. Plaintiff's conduct and activity has been such that his claim against Wal-Mart is barred by estoppel.

14. Plaintiff inexcusably and unreasonably delayed bringing the Complaint, to Wal-Mart's prejudice, so Plaintiff's action is barred by laches.

15. Plaintiff is barred from recovery because he failed to mitigate the alleged damages.

16. Plaintiff's alleged damages are speculative and thus not compensable.

17. Plaintiff is barred from recovery against Wal-Mart because he knew or in the exercise of ordinary care should have known of the risks and hazards involved regarding the occurrences that are the subject of his action, but nevertheless and with full knowledge, did fully and voluntarily consent to assume such risks and hazards.

18. Although Wal-Mart expressly denies Plaintiff suffered any loss or damage, any claimed loss or damage was the sole, proximate or legal result of the acts or conduct of Plaintiff or other entities or individuals. Consequently, any recovery by Plaintiff must be apportioned among all parties responsible, according to their comparative fault.

19. All or part of the damages, injuries and/or losses Plaintiff alleges were caused by acts and omissions of other persons and/or entities that intervened between Wal-Mart's alleged acts or omissions; Plaintiff is thereby barred from recovery against Wal-Mart. Alternatively, any damages found against Wal-Mart must be reduced to the extent the damages are attributable to the intervening acts and/or omissions of persons and/or entities other than Wal-Mart.

20. The product Plaintiff contends he used was not used in the manner in which it was intended and/or it was intentionally used in disregard of warnings, instructions, and directions regarding its use, and in an improper manner that was not reasonably foreseeable to Wal-Mart. This misuse and intentional abuse proximately caused or contributed to Plaintiff's alleged damages, injuries, and losses.

21. The losses and damages Plaintiff alleges were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes, for which Wal-Mart is neither responsible nor liable.

22. Plaintiff's claim may be preempted in whole or in part by federal and/or state statutes and/or regulations.

23. The Complaint fails to state facts sufficient to constitute any cause of action against Wal-Mart.

24. The Complaint, and each and every purported cause of action asserted against Wal-Mart is barred, in whole or in part, because at all times relevant hereto, to the extent required, adequate warnings and/or instructions were provided.

25. The Complaint is barred, in whole or in part, by operation of the doctrine of consent.

26. The Complaint is barred, in whole or in part, because the alleged conduct of the Plaintiff was unlawful.

27. The Complaint is barred, in whole or in part, because the product was substantially altered and/or modified in such a way that was unforeseeable to Wal-Mart.

28. The Complaint is barred, in whole or in part, because the benefits of the product's design outweigh the alleged risks of danger.

29. The Complaint is barred, in whole or in part, because the product performed as safely as an ordinary consumer would expect.

30. The Complaint is barred, in whole or in part, because the product was not defective when it left Wal-Mart's control.

31. Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on the Plaintiff's part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any.

32. The events, injuries, losses and damages, if any, complained of were the result of an unavoidable accident insofar as this answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of this answering Defendant.

33. Plaintiff's exclusive remedy for the alleged injuries lies under the provisions of the California Workers' Compensation Act. As such, Defendant is entitled to a credit for the amount of worker's compensation payments made by Plaintiff's employer to Plaintiff.

34. Wal-Mart presently has insufficient knowledge or information on which to form a belief as to whether Wal-Mart may have additional affirmative defenses. Wal-Mart therefore reserves the right to assert additional affirmative defenses should discovery indicate such defenses are appropriate.

WHEREFORE, Wal-Mart Stores, Inc. prays:

1. That Plaintiff take nothing by way of the Complaint;

2. For judgment in favor of Wal-Mart Stores, Inc.;

3. For costs incurred in this action; and

4. For such other relief as the Court deems proper.

//

//

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Wal-Mart Stores, Inc., hereby demands a trial by jury as to all issues in this action.

Dated: February 5, 2008

PHILLIPS, SPALLAS & ANGSTADT

By:_____
Robert K. Phillips
Candice A. Mullings
Attorneys for Defendant
WAL-MART STORES, INC.

PROOF OF SERVICE BY MAIL

Kevin Sanders v. Wal-Mart Stores, Inc.

US. District Court - Northern District of California Case Number - C 08-00772

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on **February 6, 2008**, I served the within:

WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United States Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Mark L. Webb  
Law Offices of Mark Webb  
214 Grant Avenue, Suite 301  
San Francisco, CA 94108  
t. (415) 621-4500  
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **February 6, 2008**, at San Francisco, California.

*(signed)* Kate Denney