1  MARK L. WEBB , ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  214 Grant Avenue, Suite 301
3  San Francisco, CA 94108
   Telephone: (415) 621-4500
4  Facsimile: (415) 621-4173

5

6  Attorney for Plaintiff,
   KEVIN SANDERS

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | KEVIN SANDERS, an individual, | Case No.: C 08-00772 EMC |
11 |                               |                          |
   | Plaintiff,                    | NOTICE OF TAKING DEPOSITION OF
12 |                               | PERSON MOST KNOWLEDGEABLE
   | v.                            | WITH REQUEST FOR PRODUCTION OF
13 |                               | DOCUMENTS
14 | WAL-MART STORES, INC., and DOES 1 |
   | through 50, inclusive,        |
15 |                               | DATE: August 11, 2008
   | Defendants.                   | TIME: 12:00 PM
16 |                               | PLACE: Gramann Reporting,
   |                               | 14 W. Mifflin Street
17 |                               | Suite 311, Madison , WI 53703
18

19
   TO DEFENDANTS HEREIN AND TO THEIR ATTORNEYS OF RECORD:
20
         PLEASE TAKE NOTICE that Plaintiffs, by and through counsel will take the deposition
21
   of PERSON MOST KNOWLEDGEABLE ABOUT WHETHER SUBJECT BIKE IN THIS
22
   CASE WAS IMPORTED AND/OR DISTRIBUTED BY PACIFIC CYCLE TO WALMART
23
   before a certified shorthand reporter. This deposition will be conducted by videotape via
24
   teleconferencing for possible use of trial.
25
         Said deposition will commence at the above date and time, and continue from day to date,
26
   thereafter, Sundays and holidays excluded, until completed. The Proof of Service, attached hereto
27
   and made a part hereof by this reference, sets forth a list of all person served with this Notice.
28
         PLEASE TAKE FURTHER NOTICE that the deponent identified above is required to

produce at said deposition the following documents/items for copying and examination, pursuant to California Code of Civil Procedure § 2025.280:

     1.    Any and all photos and documents pertaining to subject bike.

     2. Any and all documents that indicate where this bike derived from.

     3. Any and all documents or memoranda showing other bikes within the last ten years that have the mongoose label "were knockoffs", meaning not in fact Pacific Cycle products.

DATED: July 25, 2008               LAW OFFICES OF MARK L. WEBB

                                                                    _____
                                                                    MARK L. WEBB

Bottom of Form

<u>PROOF OF SERVICE</u>

I, the undersigned, declare as follows:

    I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two., San Francisco, California 94102, in said County and State.

    On August 5, 2008 caused to be served the following documents:

    on the parties in this action as follows:

Mr. Stephen M. Hayes, Esq.
Mr. Robert McLay, Esq.
Hayes Davis Bonino Elligson McLay & Scott
203 Redwood Shores Parkway, Suite 480
Redwood Shores, California 94605

Attorney for Defendants

☒     [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐     [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☒     [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately <u>4:45p</u>.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

☐     [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2008 in San Francisco, California.

                                      Blanca J. Burke

MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
214 Grant Avenue, Suite 301
San Francisco, CA 94108
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

Attorney for Plaintiff,
KEVIN SANDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SANDERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 08-00772 EMC<br><br>**MOTION TO COMPEL DEPOSITION**<br><br>**Date: September 17, 2008**<br>**Time: 10:30am**<br>**Judge: Honorable Edward M. Chen** |

This Honorable Court ordered depositions to go forward in this case on both sides. Plaintiff has already provided a six hour deposition and three plaintiff's witnesses are scheduled to proceed next week, the week of August 11th, in Arizona. Yet, defendant continues to refuse to provide any documents about similar accidents or about the identity of the subject bicycle, even though they have known about this accident for almost a year. Plaintiff has produced the following documents:

1. Photos of the bicycle
2. Photos of Kevin Sanders
3. Two Police Reports
4. Mongoose Owners Manual
5. All of Kevin Sanders Medical Records
6. Wal-Mart Sale Slip for bicycle
7. Emails from Pacific Cycle's lawyer to Richard Plattner a year ago making it clear that this claim was known about and the bicycle had already been photographed with an attempted identification.

Notices of depositions for executives of Walmart on prior similar accidents and Pacific Cycle executives on prior similar accidents and on the identity of this bicycle have been properly

Page -1-

1  served and ignored by the defense. (See Exhibit 1). Also, a meet and confer letter has been sent.
2  (See Exhibit 2).
3        This Court ordered on May 7, 2008, that both sides are entitled to six depositions without
4  further court order so that a productive and intelligent mediation with the Honorable Harry Low
5  could go forward before the next Case Management Conference of October 29, 2008. Though both
6  sides have agreed to a mediation firm date with the Honorable Harry Low on October 17th, the
7  defense has not provided any documents despite plaintiff giving them everything in his file,
8  including medical records.
9        Therefore, plaintiff requests that defendant be ordered to produce witnesses and documents
10 at deposition as well as documents that fall under Federal Rule 26 that should be automatically
11 produced forthwith. Since this is a product liability case, all documents identifying this product as
12 well as evidence of other similar accidents come under the dictates of Rule 26. Also, since plaintiff
13 worked at Walmart prior to the accident and defendant has his personnel file, this too should also
14 be automatically produced.
15       Rule 26 of the Federal Rules of Civil Procedure is intended to provide all parties with all
16 basic and fundamental discovery automatically and voluntarily, eliminating gamemanship and
17 unnecessary motions:
18       Rule 26 – Duty to Disclose; General Provisions Governing Discovery
         (i) the name and, if known, the address and telephone number of each individual likely to
19       have discoverable information, along with the subjects of that information, that the
         disclosing party may use to support its claims or defenses, unless the use would be solely
20       for impeachment.
21       (ii) A copy or a description by category or location of all documents, electrically stored
         information, and tangible things that the disclosing party has in its possession, custody or
22       control and may use to supports its claims or defenses, unless the use would be solely for
         impeachment."
23
24       In this case, defendant Walmart initially chose to remove a state court action to federal
25 court, knowing full well the discovery provisions are different and more demanding here. Now,
26 however, defendant has refused to fulfill its basic obligations despite repeated attempts by
27 Plaintiff's counsel complying meticulously with Rule 26.
28       It is regrettable and unfortunate that this motion must be brought for what has already been
   ordered by this Court.

DATED: August 6, 2008

LAW OFFICES OF MARK L. WEBB

By: /s/
MARK L. WEBB
Attorney for Plaintiff Kevin Sanders

1  MARK L. WEBB , ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  214 Grant Avenue, Suite 301
   San Francisco, CA 94108
3  Telephone: (415) 621-4500
4  Facsimile: (415) 621-4173

5

   Attorney for Plaintiff,
6  KEVIN SANDERS

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | KEVIN SANDERS, an individual, | Case No.: C 08-00772 EMC |
11 | | |
   | Plaintiff, | NOTICE OF TAKING DEPOSITION OF
12 | | PERSON MOST KNOWLEDGEABLE
   | v. | WITH REQUEST FOR PRODUCTION OF
13 | | DOCUMENTS
14 | WAL-MART STORES, INC., and DOES 1 | |
   | through 50, inclusive, | |
15 | | DATE: August 11, 2008
   | Defendants. | TIME: 12:00 PM
16 | | PLACE: Gramann Reporting,
   | | 14 W. Mifflin Street
17 | | Suite 311, Madison , WI 53703
18

19 TO DEFENDANTS HEREIN AND TO THEIR ATTORNEYS OF RECORD:

20     PLEASE TAKE NOTICE that Plaintiffs, by and through counsel will take the deposition

21 of PERSON MOST KNOWLEDGEABLE ABOUT WHETHER SUBJECT BIKE IN THIS

22 CASE WAS IMPORTED AND/OR DISTRIBUTED BY PACIFIC CYCLE TO WALMART

23 before a certified shorthand reporter. This deposition will be conducted by videotape via

24 teleconferencing for possible use of trial.

25     Said deposition will commence at the above date and time, and continue from day to date,

26 thereafter, Sundays and holidays excluded, until completed. The Proof of Service, attached hereto

27 and made a part hereof by this reference, sets forth a list of all person served with this Notice.

28     PLEASE TAKE FURTHER NOTICE that the deponent identified above is required to

1  produce at said deposition the following documents/items for copying and examination, pursuant
2  to California Code of Civil Procedure § 2025.280:
3          1.    Any and all photos and documents pertaining to subject bike.
4          2. Any and all documents that indicate where this bike derived from.
5          3. Any and all documents or memoranda showing other bikes within the last ten years
6  that have the mongoose label "were knockoffs", meaning not in fact Pacific Cycle
7  products.
8
9
10 DATED: July 25, 2008                      LAW OFFICES OF MARK L. WEBB
11
12
13                                             MARK L. WEBB
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bottom of Form<br/><u>PROOF OF SERVICE</u>

I, the undersigned, declare as follows:

    I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two., San Francisco, California 94102, in said County and State.

    On August 5, 2008 caused to be served the following documents:

    on the parties in this action as follows:

Mr. Stephen M. Hayes, Esq.
Mr. Robert McLay, Esq.
Hayes Davis Bonino Elligson McLay & Scott
203 Redwood Shores Parkway, Suite 480
Redwood Shores, California 94605

Attorney for Defendants

☒     [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐     [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☒     [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately <u>4:45p</u>.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

☐     [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2008 in San Francisco, California.

                                       Blanca J. Burke

1  MARK L. WEBB, ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  214 Grant Avenue, Suite 301
   San Francisco, CA 94108
3  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173
4

5  Attorney for Plaintiff,
   KEVIN SANDERS
6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9  KEVIN SANDERS, an individual,        | Case No.: C 08-00772 EMC
10        Plaintiff,                     | **NOTICE OF TAKING DEPOSITION OF JAMES KLOSS WITH REQUEST FOR PRODUCTION OF DOCUMENTS**
11        v.                             |
12 WAL-MART STORES, INC., and DOES 1     |
   through 50, inclusive,                | **DATE: August 12, 2008**
13                                       | **TIME: 12:00 PM**
          Defendants.                    | **PLACE: Plattner & Verderame, 316 E Flower St, Phoenix, AZ 85012**
14
15

16 TO DEFENDANTS HEREIN AND TO THEIR ATTORNEYS OF RECORD:

17     PLEASE TAKE NOTICE that Plaintiffs, by and through counsel will take the deposition

18 of JAMES KLOSS before a certified shorthand reporter.

19     Said deposition will commence at the above date and time, and continue from day to date,

20 thereafter, Sundays and holidays excluded, until completed. The Proof of Service, attached hereto

21 and made a part hereof by this reference, sets forth a list of all person served with this Notice.

22     PLEASE TAKE FURTHER NOTICE that the deponent identified above is required to

23 produce at said deposition the following documents/items for copying and examination, pursuant

24 to California Code of Civil Procedure § 2025.280:

25     1. Any and all photos and documents pertaining to subject bike.

26 DATED: July 25, 2008                            LAW OFFICES OF MARK L. WEBB

27                                                 _____
28                                                 MARK L. WEBB

# **PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two., San Francisco, California 94102, in said County and State.

On **August 6, 2008** caused to be served the following documents:

on the parties in this action as follows:

Mr. Robert K. Phillips, Esq.
Mrs. Candice A. Mullings, Esq.
Phillips, Spallas & Angstadt LLP
650 California Street, Tenth Floor
San Francisco, CA 94108
**Telephone: (415) 278-9400**
**Facsimile:  (415) 278-9411**

Attorney for Defendants WAL-MART STORES, INC.

☒ [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☒ [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately 4:45p.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

☐ [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **August 6, 2008** in San Francisco, California.

Blanca J. Burke

# W

LAW OFFICES OF

# MARK L. WEBB

A PROFESSIONAL CORPORATION

*Attorneys at Law*

MARK L. WEBB
*Former U.S. Department of Justice Prosecutor*

July 31, 2008
VIA FAX

Ms. Candice Mullings
Phillips, Spallas & Angstadt LLP
650 California Street, Tenth Floor
San Francisco, CA 94105

Re:   Kevin Sanders v. Wal-Mart Stores Inc.
      U.S. District Court Case No.: C 08-00772 EMC

Dear Ms. Mullings:

I was extremely disappointed in you to have made such a fuss over insisting on going forward with Kevin's deposition regarding his prior Wal-Mart employment, even though you did not give us the records from his employment file. It is true I had not formally asked for those records until Tuesday July 29th. But it also true that such documents would contain admissions and conversations that are discoverable and that are to be *automatically* produced by you.

To date we have voluntarily produced the following:
1. Photos of the bicycle
2. Photos of Kevin Sanders
3. Two Police Reports
4. Mongoose Owners Manual
5. All of Kevin Sanders Medical Records
6. Wal-Mart Sale Slip for bicycle
7. Emails from Pacific Cycle's lawyer to Richard Plattner a year ago making it clear that this claim was known about and the bicycle had already been photographed with an attempted identification.

You, on the other hand, have given us *not one document or agreed to one deposition* from your side.

It is unbelievable to me that you have not been informed of these bike inspections by James Kloss on Pacific Cycle's behalf. It also unbelievable to me that after four hours of inspection by an experienced Walmart bicycle expert you cannot deduce what model this bike is even though it clearly says Mongoose on it. Either it is Pacific Cycles' or it is not. If it is not, let us pursue the issue of why Wal-Mart is selling a Mongoose bike that is not distributed by Pacific Cycle.

You have been on notice from me that we want to depose persons at both Pacific Cycle( a co insured) and Wal-Mart regarding identity of this bike, *which we now suspect is counterfeit.* We wish to know also of *other similar incidents* involving front fork assembly detachment which are clearly relevant. Even though we have noticed depositions, you continue to refuse to confirm dates. While you may have an excuse in not being able to identify this bicycle and therefore not be able to produce a PMK on its origin, there is *no excuse* for failing to produce people at Wal-Mart and Pacific Cycle most knowledgeable about other front fork assembly detachments. I know from prior litigation that Wal-Mart maintains records at its claims management division on precisely this point; I assume Pacific Cycle does the same.

Unless I hear back from you with firm deposition dates on those subjects explained above, I intend to cancel all Arizona depositions and make a motion to Judge Chen to compel you to produce witnesses and documents for depositions.

I sincerely hope that we can iron out these issues and move forward to discover everything we need to have a productive mediation in October. However, if you are not willing to give as well as to get, we will need court intervention.


Sincerely,

Law Offices of Mark Webb

Mark L. Webb, Esq.


CC. Rob Phillips, Esq.
Richard Plattner, Esq.



LAW OFFICES OF
# MARK L. WEBB
A PROFESSIONAL CORPORATION
*Attorneys at Law*

MARK L. WEBB
*Former U.S. Department of Justice Prosecutor*

July 31, 2008
VIA FAX

Ms. Candice Mullings
Phillips, Spallas & Angstadt LLP
650 California Street, Tenth Floor
San Francisco, CA 94105

Re:   <u>Kevin Sanders v. Wal-Mart Stores Inc.</u>
      U.S. District Court Case No.: C 08-00772 EMC

Dear Ms. Mullings:

      I was extremely disappointed in you to have made such a fuss over insisting on going forward with Kevin's deposition regarding his prior Wal-Mart employment, even though you did not give us the records from his employment file. It is true I had not formally asked for those records until Tuesday July 29th. But it also true that such documents would contain admissions and conversations that are discoverable and that are to be *automatically* produced by you.

To date we have voluntarily produced the following:
1. Photos of the bicycle
2. Photos of Kevin Sanders
3. Two Police Reports
4. Mongoose Owners Manual
5. All of Kevin Sanders Medical Records
6. Wal-Mart Sale Slip for bicycle
7. Emails from Pacific Cycle's lawyer to Richard Plattner a year ago making it clear that this claim was known about and the bicycle had already been photographed with an attempted identification.

You, on the other hand, have given us *not one document or agreed to one deposition* from your side.

It is unbelievable to me that you have not been informed of these bike inspections by James Kloss on Pacific Cycle's behalf. It also unbelievable to me that after four hours of inspection by an experienced Walmart bicycle expert you cannot deduce what model this bike is even though it clearly says Mongoose on it. Either it is Pacific Cycles' or it is not. If it is not, let us pursue the issue of why Wal-Mart is selling a Mongoose bike that is not distributed by Pacific Cycle.

You have been on notice from me that we want to depose persons at both Pacific Cycle( a co insured) and Wal-Mart regarding identity of this bike, *which we now suspect is counterfeit*. We wish to know also of *other similar incidents* involving front fork assembly detachment which are clearly relevant. Even though we have noticed depositions, you continue to refuse to confirm dates. While you may have an excuse in not being able to identify this bicycle and therefore not be able to produce a PMK on its origin, there is *no excuse* for failing to produce people at Wal-Mart and Pacific Cycle most knowledgeable about other front fork assembly detachments. I know from prior litigation that Wal-Mart maintains records at its claims management division on precisely this point; I assume Pacific Cycle does the same.

Unless I hear back from you with firm deposition dates on those subjects explained above, I intend to cancel all Arizona depositions and make a motion to Judge Chen to compel you to produce witnesses and documents for depositions.

I sincerely hope that we can iron out these issues and move forward to discover everything we need to have a productive mediation in October. However, if you are not willing to give as well as to get, we will need court intervention.


Sincerely,

Law Offices of Mark Webb

Mark L. Webb, Esq.


CC. Rob Phillips, Esq.
Richard Plattner, Esq.

```
 1  MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
 2  214 Grant Avenue, Suite 301
    San Francisco, CA 94108
 3  Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
 4
 5  Attorney for Plaintiff,
    KEVIN SANDERS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEVIN SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C 08-01926 MMC<br><br>**DECLARATION OF MARK L. WEBB** |
|---|---|

I, Mark L. Webb, declare:

1. I am attorney of record in this case and I have practiced in the court of this state and federal court for over 20 years.

2. On May 7th this Honorable Court ordered that this case go forward to mediation by October 2, 2008, with the Honorable Harry Low of JAMS. Both parties agreed through their attorneys to the return date and to mediator Justice Low. The Court granted defendants' request for six depositions per side to take place by the time of the mediation to allow both sides to assess the case and attempt settlement.

3. In consideration of these facts, plaintiff's counsel, without formal request by the defense, provided the defense with numerous documents, as follows:

    1. Photos of the bicycle
    2. Photos of Kevin Sanders
    **3. Two Police Reports**
    4. Mongoose Owners Manual
    5. All of Kevin Sanders Medical Records
    6. Wal-Mart Sale Slip for bicycle

7. Emails from Pacific Cycle's lawyer to Richard Plattner a year ago making it clear that this claim was known about and the bicycle had already been photographed with an attempted identification.

4. Plaintiff has also subjected himself to a six hour deposition, which was completed on July 30, 2008. Three more depositions are scheduled for the defense to take in Arizona next week.

5. I have both written and verbally asked that defendants produce the person most knowledgeable in two areas necessary for our evaluation of this case; (1) employees of Walmart and of Pacific Cycle ( a coinsured under the insurance policy), as to other similar front fork detachment cases, (2) persons most knowledgeable about manufacture and distribution of the subject bicycle.

6. Even though the defense had an opportunity to inspect and photograph this bicycle in Phoenix Arizona and sent those photos to Pacific Cycle and, again, had a four hour inspection by their chosen bike expert June 8, 2008, defendants continue to claim that they cannot identify this bike. This raises the potential issues of a counterfeit Mongoose bicycle somehow being sold at Walmart without the authorization of Pacific Cycle, who exclusively distribute Mongoose bicycles.

7. As of this writing and despite notices properly served for depositions next week, the defense has ignored these deposition notices and documents requests. Furthermore, the defense has ignored Rule 26 in failing to provide names and identity of persons who have *basic knowledge* of this bicycle and the front fork detachment, all of which is in violation of Rule 26. Indeed, it was on the record as long ago as May 7, 2008 that I informed the Court and defense counsel that these depositions would be necessary. Nevertheless, there is no indication from the defense that they intend to comply.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 6, 2008                                LAW OFFICES OF MARK L. WEBB

                                                     By: _____
                                                         Mark L. Webb, Esq.

-2-